01/04/2021 7:21 PM FAX 7184838752   CAREWAY PHARMACY   ☒002/0008

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this ___ day of December 2020, by and between the Defendants' DERBY SALAZAR NUNEZ (s/h/a ROBIN SALAZAR NUNEZ), MARLEY SALAZAR NUNEZ (s/h/a LENY SALAZAR NUNEZEZ) and RANCHO RESTAURANT CORP (DBA EL RANCHO DOMINICANO) jointly and severally ("RELEASEES" or "DEFENDANTS"), and Plaintiff, GREGORIO Beras ("PLAINTIFF" or "RELEASOR") (hereinafter the "Parties").

### RECITALS

1. WHEREAS, on June 24, 2020, PLAINTIFF initiated legal action against the DEFENDANTS in the United States District Court, Eastern District of New York, such case being styled, *Gregorio Beras v. Fermin Salazar Batista, Robin Salazar Nunez, Leny Salazar Nunez and Rancho Restaurant Corp (d/b/a El Rancho Dominicano), Case No. 20-CV-02815* (the "Lawsuit"), and

2. WHEREAS, in this Lawsuit, PLAINTIFF alleged, among other things, that RELEASEES failed to pay him minimum wage and overtime pay due in connection with services that he performed on RELEASEES' behalf, failed to provide him with wage notices, and further failed to provide him with accurate statements of wages; and

3. WHEREAS, no Court has considered or determined the claims presented; and

4. WHEREAS, RELEASEES deny PLAINTIFF'S allegations in their entirety and admit no wrongdoing nor any liability with respect to PLAINTIFF'S allegations; and

5. WHEREAS, PLAINTIFF and the RELEASEES wish to compromise and settle all of their respective claims against the other relating to the Lawsuit.

NOW THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, PLAINTIFF AND RELEASEES (collectively, "The Settling Parties") agree as follows:

### AGREEMENT

1. **Consideration.** The Settling Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. PLAINTIFF agrees that he will not seek any further consideration from RELEASEES, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement. In addition, PLAINTIFF agrees that the amount being paid to him represents all alleged unpaid overtime wages and other alleged damages from the commencement of his employment with the RELEASEES to the present, interest, civil monetary penalties, liquidated damages, and attorneys' fees.

2. **Settlement Compensation.** In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the RELEASEES agrees to issue the following payments, totaling SEVENTEEN THOUSAND DOLLARS ($17,000.00), to the PLAINTIFF:

   A. To Gregorio Beras, one check in the gross amount of $5,000, less normal and appropriate withholdings, for alleged unpaid back wages, to be reflected on a W-2 Form. A second check to Gregorio Beras, the amount of $5,793.14, representing liquidated damages and interest, reflected on a 1099 Form;

   B. To Stillman Legal PC the gross amount of $6,206.86 for litigation expenses, costs, and attorneys' fees, subject to the issuance of a 1099 form.

   Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all claims against RELEASEES by PLAINTIFF, including, but not limited to, claims for attorneys' fees, disbursements and costs. PLAINTIFF expressly directs RELEASEES to make the Settlement Payments, as detailed above, to his legal counsel, acknowledges that receipt of the Settlement Payments by his legal counsel constitutes receipt thereof by PLAINTIFF, and agrees that the Settlement Payments constitute an accord and satisfaction.

   PLAINTIFF further agrees that, with the payments stated above, PLAINTIFF will have been paid in full for all hours worked for RELEASEES for the period encompassing the entire period of his employment with the RELEASEES, including, but not limited to, any and all claims for wages, supplements, statutory penalties and overtime pay. PLAINTIFF will be materially breaching this Agreement if PLAINTIFF claims in the future that he has not been paid the minimum wage, spread of hours pay, and/or overtime pay or any other monies, including statutory penalties and interest, for any work for RELEASEES for the period encompassing his entire employment with the RELEASEES.

3. **Delivery.** All checks shall be sent to:

   STILLMAN LEGAL PC
   42 Broadway, 12th Floor
   New York, New York 10004

4. **Timing.** DEFENDANTS shall pay the Plaintiff the total sum of SEVENTEEN THOUSAND DOLLARS AND NO CENTS ($17,000.00), as follows:

   Within thirty (30) days after (a) the PLAINTIFF returns a signed copy of this Agreement to Defendant's legal counsel, (b) receipt of Court Order approving this Agreement as fair and reasonable; and (c) the receipt, by DEFENDANTS' legal counsel, of fully completed and executed W9 and W4 forms from the PLAINTIFF and a fully completed and executed W9 form from Stillman Legal PC (whichever is later), DEFENDANTS shall make the following payments:

    (i)    To Gregorio Beras, the gross amount of $5,000.00, less normal and appropriate withholdings, for alleged unpaid back wages, to be reflected on a W-2 Form.

    (ii)    To Gregorio Beras, the amount of $5,793.14, representing liquidated damages and interest, reflected on a 1099 Form; and

    (iii)    To Stillman Legal PC, the amount of $6,206.86, representing attorneys' fees and disbursements, reflected on a 1099 Form.

5.    **Other Payments.** Except as provided in this Agreement, no other payments are owed to the PLAINTIFF.

6.    **Taxes.** The PLAINTIFF agrees to pay all federal, state and/or local taxes, if any, which are required by law to be paid by him with respect to this settlement in a timely fashion. The PLAINTIFF further agrees that in the event RELEASEES becomes liable for payment of any taxes, or fines related to unpaid taxes, by any government entity for any amounts PLAINTIFF was responsible to pay for amounts received pursuant to this Agreement, PLAINTIFF will indemnify RELEASEES for any such taxes or fines, as well as reasonable costs and reasonable attorneys' fees incurred by the DEFENDANTS. This paragraph shall not apply to RELEASEES' portion of FICA and/or FUTA, if any.

7.    **Release of All Fair Labor Standards Act And New York Labor Law Related Claims.** In consideration for the foregoing, the RELEASOR, on his behalf and on behalf of his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** RELEASEES and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*., as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, for any and all FLSA and NYLL wage-and-hour claims arising out of RELEASOR'S employment with DEFENDANTS, up to and including the date RELEASOR signs this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the RELEASOR may assert anywhere in the world against the RELEASEES, or any of them including by not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, improper deductions, spread of hours, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, based upon

Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all Wage Claims against Defendants by RELEASOR including, but not limited to claims for attorneys' fees, disbursements and costs.

8. **Dismissal.** PLAINTIFF agrees to the dismissal of the Lawsuit with prejudice. Upon full execution of this Agreement, or within five (5) business days thereof, the parties agree that the RELEASEES' legal counsel will cause to be filed with the Court a Stipulation of Discontinuance with Prejudice in the same form as amended hereto as Exhibit "A".

9. **No Charges Exist and No Charges Will Be Filed for Released Claims.** PLAINTIFF represents that, other than the matter of, *Gregorio Veras s v. Fermin Salazar Batista, Robin Salazar Nunez, Leny Salazar Nunez and Rancho Restaurant Corp (d/b/a El Rancho Dominicano, Case No. 20-CV-02815*, currently pending in United States District Court, Eastern District of New York, he does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against RELEASEES. PLAINTIFF agrees that any claim that is brought for claims released by this Agreement, will be automatically dismissed, and RELEASEES will be entitled to reasonable costs and reasonable attorneys' fees incurred in defending against any such claims/charges.

10. **Remedy for Breach of Promises.** In the event the PLAINTIFF commences, joins, or otherwise asserts an action based on events related to his employment with or separation from RELEASEES which is precluded by this Agreement, he will, to the extent allowed by law, forego the right to compensation under this Agreement, repay any money paid under this Agreement, together with the maximum interest allowed by law, and pay all of the RELEASEES' costs, including, without limitation, reasonable attorneys' fees, for prosecution or defense of the action. Also, RELEASEES will be entitled to any further relief as deemed appropriate by any court or other relevant tribunal.

11. **Advice of counsel.** All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFF hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

12. **Governing Law and Interpretation.** The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

13. **Exclusive Jurisdiction.** Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to a New York State Court of competent jurisdiction located in Nassau County, New York, or the Federal District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the parties' consent to the personal jurisdiction of

01/04/2021 7:24 PM FAX  7184838752          CAREWAY PHARMACY                    ☒006/0008

14. **Non-Admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of any consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct.

15. **Absence of Reliance.** The parties acknowledge that in agreeing to this Agreement, they have not relied in any way upon representations or statement of the other party other than those representations or statements set forth in this Agreement.

16. **Entire Agreement.** This Agreement, including any and all Exhibits, set forth the entire agreement between the parties, and supersedes any prior contracts, agreements, or understandings between the parties.

17. **Amendment.** This Agreement may not be modified, altered, or changed except upon express, written consent of all parties, which includes specific reference to this Agreement.

18. **Severability.** In the event any provision contained in this Agreement shall be determined to be invalid, illegal or otherwise unenforceable, all remaining provisions in this Agreement shall remain in full force and effect. Should the release language be null and void, the parties will execute a new or supplemental agreement which will correct this failing, without receiving any additional consideration because this Agreement was provided with the expectation that it would be fully enforceable.

19. **Section Headings.** The sections headings are solely for convenience of reference and shall not in any way affect the interpretation of this Agreement.

20. **Counterparts/Electronic/Electronic Signature.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if PLAINTIFF and DEFENDANTS have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

21. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent by both "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below, and via e-mail to the DEFENDANTS' legal counsel. Notice shall be deemed communicated from the date of actual receipt of the overnight delivery. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | COPY TO: |
|---|---|---|
|  |  |  |

|  | 666 Old Country Road, Suite 605<br>Garden City, NY 11530<br>e-mail: DFeather@FeatherLawFirm.com | 1157 Flatbush Avenue<br>Brooklyn, NY 11226 |
|---|---|---|
| Plaintiff | Lina Stillman, Esq.<br>STILLMAN LEGAL PC<br>42 Broadway, 12th Floor<br>New York, NY 10004 | |

THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.

THE PLAINTIFF ACKNOWLEDGES THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY PLAINTIFF, THAT HE HAS HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THIS AGREEMENT, AND THAT HE HAS CONSULTED WITH HIS LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.

THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

_____   Dated: 12/29/2020
Gregoria Beras

_____
Derby Salazar Nunez, s/h/a Robin
Salazar Nunez, Individually and on
behalf of Rancho Restaurant Corp.

_____
Marleny Salazar Nunez, s/h/a Leny Salazar
Nunezez, Individually and on behalf of
Rancho Restaurant Corp.